**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EMIR CIHAN YAZICI,                          )
                                            )
            Plaintiff,                      )      Civil Action No. 2:25 CV 1269
                                            )
            v.                              )      District Judge J. Nicholas Ranjan
                                            )      Magistrate Judge Maureen P. Kelly
NISHANT MACHADO, *Managing*                 )
*Partner/CEO*; DIVIDEND RESTAURANT          )      Re: ECF No. 24
GROUP, DRG HOLDING LLC, DRG                 )
EMPLOYER LLC, SULLIVAN'S HOLDING            )
LLC, and DIVIDEND RESTAURANT                )
GROUP,                                      )
                                            )
            Defendants.                     )

**MEMORANDUM ORDER**

Plaintiff Emir Cichan Yazici ("Plaintiff") brings this *pro se* civil rights action against Defendants Nishant Machado, Dividend Restaurant Group aka MAC Parent LLC or Mac Acquisition LLC, DRG Holding LLC, DRG Employer LLC, Sullivan's Holding LLC, and Dividend Restaurant Group formerly Sullivan's Steakhouse (collectively, "Defendants"). Plaintiff asserts claims for employment discrimination pursuant to 42 U.S.C. § 1981. ECF No. 4 at 3.

Using a form Complaint, Plaintiff checked boxes stating that the discriminatory conduct he suffered includes termination of his employment, failure to be promoted, unequal terms and conditions of employment, retaliation, and "possible" disparate treatment, forced demotion, hostile work environment, and disparate financial impact. Id. at 4. He states that the alleged discriminatory acts occurred on May 10, 2022, and that he is no longer employed. Plaintiff identifies his race as "Turkish/Bulgarian" and his national origin as "Eastern European/US CITIZEN." Id.

Presently before this Court is Plaintiff's "Motion for Triple Relief." ECF No. 24. Plaintiff requests the appointment of counsel, recusal of the undersigned and, in the alternative, entry of

final judgment. For the reasons set forth in the Court's Order at ECF No. 6, the Motion for Recusal is denied. The Motion for Entry of Final Judgment is also denied in light of the pending Motion to Dismiss at ECF No. 21 that will be resolved in due course. And, for the following reasons, the Court declines to exercise its discretion at this time to request an attorney to represent Plaintiff in the prosecution of this civil action.

Unlike criminal defendants, civil litigants have no constitutional or statutory right to counsel. See, e.g., Parkell v. Danber, 833 F.3d 313, 340 (3d Cir. 2016); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But, in this case, Plaintiff has paid the filing fee and has not established that he cannot afford counsel or that he suffers any other barrier preventing him from retaining counsel on his own behalf. Absent such a showing, "counsel should not be appointed by the court." Tabron v. Grace, 6 F.3d 147, 156 n.5 (3d Cir. 1993).

Had Plaintiff made the requisite showing, the United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." Tabron, 6 F.3d at 157. There are "significant practical restrains on the district courts' ability to appoint counsel … and [a] limited supply of competent lawyers who are willing to undertake such representation without compensation." Id.

Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Id.

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider

the following factors:

1.   the plaintiff's ability to present his or her own case;

2.   the complexity of the legal issues;

3.   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4.   the amount the case is likely to turn on credibility determinations;

5.   whether the case will require the testimony of expert witnesses; and

6.   whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts." Id. at 458.

Assuming for purposes of this Memorandum Order only that this case has some arguable merit, the Court concludes that the balance of the above-cited factors weigh against the appointment of counsel at this time. In considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. In fact, Plaintiff has amply demonstrated his ability to file motions and advocate on his own behalf and otherwise communicate with the Court. Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his own testimony and little factual investigation appears necessary. Further, while it may be that the credibility of witnesses will be at issue, it does no more so than in every case. Finally, it does not appear that proper adjudication will require the testimony

3

of expert witnesses.

The Court also notes that as a *pro se* litigant, Plaintiff has the benefit of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

Finally, Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." <u>See</u> <u>also</u> <u>Parkell</u>, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984)). Here, as previously noted, Plaintiff has not demonstrated indigency but, had he, there are no special circumstances asserted. Should the case survive dispositive motions and appear ready to proceed to trial, and upon the proper showing of indigency, Plaintiff may seek the appointment of counsel.

Accordingly, the following Order is entered:

AND NOW, this 10th day of March, 2026, IT IS HEREBY ORDERED that Plaintiff's Motion for Triple Relief, ECF No. 24, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/  Maureen P. Kelly*
United States Magistrate Judge

cc:     The Honorable J. Nicholas Ranjan
        United States District Judge

        Plaintiff and all counsel of record by Notice of Electronic Filing